UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KENNETH RAY BRADFORD

CIVIL ACTION

VERSUS

NO. 18-257-SDD-EWD

JAMES LEBLANC

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 25, 2018.

*Erin Wilder-Doomes*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KENNETH RAY BRADFORD

VERSUS

JAMES LEBLANC

CIVIL ACTION

NO. 18-257-SDD-EWD

**REPORT AND RECOMMENDATION**

On March 7, 2018, plaintiff, Kenneth Ray Bradford ("Plaintiff"), proceeding *pro se*, filed a Complaint seeking his immediate release from custody by the Louisiana Department of Corrections. Per his Complaint, Plaintiff asserts that he is being held in custody in contravention of a "Declaration and Certificate of Sovereign Status" (the "Declaration of Sovereignty") which Plaintiff has filed in the mortgage records for the Parish of East Baton Rouge.[1] Plaintiff asks this Court to order the Declaration of Sovereignty to be served on defendant, "The Department of Public Safety & Corrections, Secretary James LeBlanc" ("Defendant") and demands that Defendant "adhere to the Decrees/Judgments and immediately release Kenneth Ray Bradford under Department of Corrections number 490690 from custody."[2]

On May 23, 2018, defendant, James LeBlanc ("Defendant") filed a Motion to Dismiss Complaint as Frivolous (the "Motion to Dismiss").[3] Plaintiff failed to file any timely opposition to the Motion to Dismiss.[4]

---

[1] *See*, R. Doc. 1-2 (Declaration & Certificate of Sovereign Status, Formal Sovereign Oath of Renunciation).

[2] R. Doc. 1, ¶ 5.

[3] R. Doc. 10.

[4] Pursuant to Local Civil Rule 7(f), any response to the Motion to Dismiss was due within twenty-one days after service of the motion. Because Plaintiff failed to file a timely response to the Motion to Dismiss, the undersigned considers the Motion to be unopposed. However, the undersigned has also reviewed the merits of Defendant's assertion that Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

For the reasons set forth herein, the undersigned recommends that the Motion to Dismiss be GRANTED and that Plaintiff's action be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1), without prejudice to Plaintiff's right to seek habeas corpus relief under 28 U.S.C. § 2254.[5] It is further recommended that all other pending motions be denied as moot.[6]

## I.   Background

Per his Complaint, Plaintiff seeks immediate release from custody by the Department of Public Safety and Corrections.[7] Plaintiff's sole basis for asserting release is proper is his Declaration of Sovereignty. In support of the Motion to Dismiss, Defendant points out that "this is Bradford's fourth iteration of these same claims against the same defendants in the same court" and directs this Court to previous decisions issued in Plaintiff's prior proceedings.[8] Additionally, Defendant argues Bradford's sole federal remedy is a writ of habeas and Plaintiff has not sought such a writ. Accordingly, Defendant prays that Plaintiff's "claim be dismissed as frivolous and for failure to state a claim upon which relief can be granted."[9]

---

[5] "A § 1915 dismissal may be made at any time." *Jarvis v. Lamartinere*, Civil Action 15-629, 2016 WL 5402771, at * 4, n. 2 (M.D. La. Aug. 4, 2016). Plaintiff is hereby given notice, through the issuance of this Report and Recommendation and through the 14-day period allowed to the plaintiff to respond thereto under 28 U.S.C. § 636(b)(1), of his right to object to the conclusions reached herein.

[6] On May 14, 2018, Plaintiff filed a Motion for Default Judgment. R. Doc. 6. A clerk's entry of default was entered on May 15, 2018. R. Doc. 7. On May 17, 2018, Plaintiff filed a Motion to Dismiss Motion for Default Judgment. R. Doc. 8. On May 23, 2018, Defendant filed a Motion to Set Aside Default. R. Doc. 9. Although Defendant's Motion to Set Aside Default was referred to the undersigned magistrate judge, Plaintiff's Motion to Dismiss has not been referred. In the event the District Judge adopts this recommendation and dismisses Plaintiff's Complaint, the undersigned further recommends that both Plaintiff's Motion to Dismiss and Defendant's Motion to Set Aside Default be denied as moot. R. Docs. 8 & 9.

[7] Plaintiff references Department of Corrections ("DOC") number 490690 in his Complaint. R. Doc. 1, ¶ 5(b). As set forth in the Motion to Dismiss, Plaintiff "is a prisoner in the custody of the Department of Corrections ('DOC'), and he is currently housed at Winn Correctional Center in Winnfield, Louisiana." R. Doc. 10-1, p. 1.

[8] R. Doc. 10-1, p. 2.

[9] R. Doc. 10-1, p. 3.

**II.    Law and Analysis**

Pursuant to 28 U.S.C. § 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.[10] A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[11] A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[12] The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[13] Pursuant to 28 U.S.C. § 1915A(a), the "court shall review, before docketing, if feasible, or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

The instant suit is not the first time this Plaintiff has challenged his continued confinement based upon his Declaration of Sovereignty.[14] With respect to Plaintiff's Declaration of Sovereignty

---

[10] *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir.1999) (citing *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998); *Hicks v. Garner*, 69 F.3d 22, 24–25 (5th Cir.1995)).

[11] *Id.*; *see also Tate v. Gusman*, 459 F.Supp.2d 519, 522 (E.D. La. Nov. 7, 2006), citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)).

[12] *Berry*, 192 F.3d at 507 (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir.1999)).

[13] *Douglas v. Gusman*, 567 F.Supp.2d 877, 883 (E.D. La. June 9, 2008) (citing *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994) (quoting *Neitzke*, 490 U.S. at 327)).

[14] *See*, *Kenneth Ray Bradford v. James LeBlanc, et al.*, No. 11-cv-312-BAJ-CN (dismissed as frivolous); *Kenneth Ray Bradford v. Louisiana Department of Corrections, et al.*, No. 11-cv-750-JJB-CN (voluntarily dismissed by plaintiff after issuance of a Magistrate Judge's Report recommending dismissal as frivolous); *Kenneth Ray Bradford v. James LeBlanc, et al.*, No 12-cv-427-BAJ-DLD (dismissed as frivolous).

(which includes Plaintiff's "Formal Sovereign Oath of Renunciation"), this Court has previously explained:

> although the plaintiff asserts that he is a foreign sovereign…and although he alleges to have executed a formal Declaration to this effect, along with an "Oath of Renunciation," renouncing his United States citizenship, it appears clear to this Court that these documents are of no legal effect and that the plaintiff remains a citizen of the United States and of the State of Louisiana. Specifically, although 8 U.S.C. § 1481(a) allows a United States citizen to voluntarily renounce his citizenship, the record does not reflect that the plaintiff has complied with or is able to comply with the terms thereof. Although he refers to subsection (a)(2) of that statute, that subsection is available only to people living outside the United States. Specifically, 8 U.S.C. § 1483(a), provides that, "[e]xcept as provided in paragraphs (6) and (7) of section 1481(a) ... no national of the United States can lose United States nationality ... while within the United States ...." And although paragraph (a)(6) of the referenced statute allows a declarant to make a formal renunciation of nationality, this paragraph applies only when the United States is in a state of war and when the Attorney General has approved such renunciation upon a determination that the renunciation is not contrary to the interests of national defense. *See* 8 U.S.C. § 1481(a)(6). Further, the plaintiff does not suggest that paragraph (a)(7) is applicable inasmuch as that paragraph requires an act of treason, an attempt to overthrow the United States government, or the bearing of arms against the United States. *See* 8 U.S.C. § 1481(a)(7). Thus, considering the plaintiff's current state of incarceration, it does not appear that he has the capacity to renounce his citizenship under 8 U.S.C. § 1481(a). *See*, *e.g.*, *Hood v. United States*, 2011 WL 6440511 (M.D. Ala., Dec. 2, 2011) (concluding that "there is no way for Plaintiff to formally renounce his citizenship while he is incarcerated"); *Duncan v. United States Department of State*, 2008 WL 4821323 (W.D. Va., Oct. 30, 2008) (holding that an incarcerated inmate "has no entitlement to renounce his citizenship at this time under § 1481(a), because he cannot meet statutorily mandated conditions for doing so"); *Davis v. United States*, 2008 WL 1819928 (W.D. La., March 28, 2008) (same). Accordingly, the plaintiff's contention that he has renounced his United States citizenship and is a foreign sovereign is unavailing….[15]

---

[15] *Bradford v. LeBlanc*, No. 12-427, 2012 WL 5364255, at * 2 (M.D. La. Sept. 19, 2012), *report and recommendation adopted*, 2012 WL 5364262 (Oct. 31, 2012). Plaintiff does not assert that this Court has diversity subject matter jurisdiction. However, inasmuch as this appears to be a suit between a citizen of Louisiana and a Louisiana defendant, it does not appear that this Court would have subject matter jurisdiction pursuant to 28 U.S.C. § 1332. *See*, *Thompson v. Dodge D350 1986*, No. 1:11-cv-479, 2011 WL 2413108, at * 3 (W.D. Mich. June 14, 2011) ("Notwithstanding Plaintiff's legally frivolous Declaration of Allegiance to the Michigan Republic and his assertion that he is not subject

Although Plaintiff seeks some sort of legal recognition of the Declaration of Sovereignty,[16] as explained above, that Declaration is of no legal effect.[17] Further, while Plaintiff seeks his release from state custody, "'[w]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.'"[18] "Accordingly, the plaintiff in this case, in order to obtain the relief desired, is limited to the filing of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254."[19] This Court has previously advised Plaintiff that "should he wish to pursue habeas corpus relief, he must first exhaust his remedies through the courts of the State of Louisiana, and he must include in his habeas application all potential claims he may have."[20] Accordingly, the undersigned finds that Plaintiff's Complaint

---

to the United States Constitution, Plaintiff became a United States citizen by operation of law at the time of his birth. *See* U.S. CONST. amend. 14, sec. 1, cl. 1 ("All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside."). As a consequence, because Plaintiff is a United States citizen and a Michigan resident, as are all Defendants, the Court lacks diversity jurisdiction to consider Plaintiff's state-law claims.").

[16] In his Complaint, Plaintiff cites Federal Rule of Civil Procedure 70 (Enforcing a Judgment for a Specific Act) and 28 U.S.C. § 1963 (Registration of judgments for enforcement in other districts). Additionally, Plaintiff "demands that the attached Decrees/Judgments" (presumably the Declaration of Sovereignty, which is the only document attached) "be executed by the United States Marshals Service against the Department of Public Safety & Corrections, Secretary James LeBlanc." R. Doc. 1, ¶ 5(a).

[17] *See, e.g., Hood*, 2011 WL 6440511, at * 2 (dismissing suit where plaintiff sought to renounce his citizenship during his incarceration so that he could be deported prior to the expiration of his sentence term as frivolous and explaining that "[t]here is no way for Plaintiff to formally renounce his citizenship while he is incarcerated in the United States....") (citing *Persson v. United States Dept. of State*, Cv-11-377, 2011 WL 1464387, at * 2 (C.D. Cal. March 22, 2011)).

[18] *Bradford*, 2012 WL 5364255, at * 3 (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).

[19] *Id.* (citing *Myers v. Michigan*, No. 1:10-cv-232, 2010 WL 1507617 (W.D. Mich. April 14, 2010) (holding that plaintiff, who claimed to be a "sovereign American ... but not a United States citizen", and who sought release from custody based upon a purported "security agreement", could obtain release only through a writ of habeas corpus); *Cottenham v. Michigan*, No. 1:10-cv-149, 2010 WL 1254554 (W.D. Mich. March 29, 2010) (same)).

[20] *Bradford*, 2012 WL 5364255, at * 4 (recommending that Plaintiff's suit be dismissed as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A "without prejudice to the plaintiff's right to seek habeas corpus relief under 28 U.S.C. § 2254). *See also, Kenneth Ray Bradford v. Louisiana Department of Corrections, et al.*, No. 11-cv-750-JJB-CN, R. Doc. 9 (Report and Recommendation advising Plaintiff that his sole federal remedy for seeking a release from confinement was to file a writ of habeas corpus, and that should Plaintiff seek to file same, he must exhaust his remedies through the courts of the State of Louisiana).

is legally frivolous and fails to state a claim and therefore should be dismissed pursuant to 28 U.S.C. § 1915A(b)(2).[21]

### III. Conclusion

For the reasons set forth herein, the undersigned recommends that the Motion to Dismiss[22] be GRANTED and that Plaintiff's action be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1), without prejudice to Plaintiff's right to seek habeas corpus relief under 28 U.S.C. § 2254. It is further recommended that all other pending motions[23] be denied as moot.[24]

Signed in Baton Rouge, Louisiana, on July 25, 2018.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[21] With respect to subject matter jurisdiction, the Complaint provides: "This action arises under the United States Constitution Article IV, Section 1,2,4 and also pursuant to 28 U.S.C. 1963, 28 U.S.C. 1602-1611 'Foreign Sovereign Immunities Act of 1976', 8 U.S.C. 1481(a)(1)(2), Rules of Civil Procedure, Rule 70." R. Doc. 1, ¶ 1. Because the undersigned finds that Plaintiff is not entitled to be recognized as a foreign national or a sovereign entity, he may not seek to invoke the jurisdiction of this Court by asserting that this case involves a claim by a "foreign state" for purposes of the Jurisdictional Immunities of Foreign States statutes, 28 U.S.C. §§ 1602 – 1611. As explained above, 8 U.S.C. § 1481 provides bases for the loss of nationality by a native-born or naturalized United States citizen. Federal Rule of Civil Procedure 70 and 28 U.S.C. § 1963 provide procedures by which judgments may be recognized; however, Plaintiff has not cited to any valid judgment and instead relies on his Declaration of Sovereignty. Finally, although Plaintiff cites the United States Constitution, Article IV, Sections 1 (full faith and credit clause), 2 (privileges and immunities), and 4 ("The United States shall guarantee to every State in this Union a Republican Form of Government, and shall protect each of them against Invasion; and on Application of the Legislature, or of the Executive (when the Legislature cannot be convened) against domestic Violence."), Plaintiff does not explain the basis for citing these constitutional provisions. While the undersigned assumes that Plaintiff believes these constitutional citations provide support for his position that the Declaration of Sovereignty should be recognized and enforced (*i.e.*, that Plaintiff should be released from state custody), as explained herein, that Declaration is of no legal effect and in any case, Plaintiff's sole federal remedy is a writ of habeas corpus.

[22] R. Doc. 10.

[23] R. Docs. 8 & 9.

[24] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."